# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| URIKA DEAN, on Behalf of Herself and All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-16-1460-M<br>) |
| WHISPERS GENTLEMEN'S CLUB, LLC and ELSIE EDWARDS (DBA) WHISPERS GENTLEMEN'S CLUB, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion for Conditional Class Certification, to Approve Notice and Consent, for Authorization to Conduct Discovery on the Identity of All Putative Class Members and Authorization to Send Notice to Potential Class Members, filed November 2, 2017. Defendants have filed no response. Pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), plaintiff now moves the Court to grant conditional class certification, to approve plaintiff's proposed Notice and Consent forms, to order defendant to identify putative class members within a reasonable time frame, and to authorize plaintiff's counsel to send Notice and Consent forms to the proposed class members.

To proceed as a collective action under the FLSA, plaintiff must show that she and other putative collective action members are "similarly situated." 29 U.S.C. § 216(b). Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (internal citations omitted). This initial determination "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotations and citations omitted). After the parties have completed discovery, and often prompted by a motion to decertify, "the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* at 1103. During the second determination, the court reviews several factors, including: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the [FLSA] before instituting suit." *Id.* (internal quotations and citation omitted).

Having carefully reviewed plaintiff's motion and the court file, the Court finds that plaintiff has set forth substantial allegations that the putative class members were together the victims of a single decision, policy, or plan, and the Court, therefore, finds that plaintiff and the other putative collective action members are "similarly situated." Accordingly, the Court finds that plaintiff's proposed class should be conditionally certified.

Additionally, having reviewed plaintiff's proposed notice to proposed class and consent to join form, the Court finds the Notice and Consent forms are appropriate and, hereby, approves plaintiff's Notice and Consent forms. Further, having reviewed plaintiff's motion, the Court finds authorization should be granted to conduct discovery on the identity of all putative class members.

Accordingly, the Court GRANTS plaintiff's Motion for Conditional Class Certification, to Approve Notice and Consent, for Authorization to Conduct Discovery on the Identity of All Putative Class Members and Authorization to Send Notice to Potential Class Members [docket no.

20] and CONDITIONALLY CERTIFIES the following class:  Current and former exotic dancers who worked for defendants and were subject to defendants' classification of dancers as independent contractors at any time from 2013 through the present.  Defendants are hereby ORDERED to produce to plaintiff's counsel the names, last known address, and telephone numbers of each entertainer retained by defendants Elsie Edwards and/or Whispers Gentlemen's Club, LLC as an independent contractor from March 1, 2013, through the present, within fourteen (14) days of the date of this Order.  Further, the Court hereby AUTHORIZES plaintiff to provide potential class members with Notice and Consent forms, substantially in the form provided as Exhibit 1 to plaintiff's motion, via first class mail and internet website posting.

    **IT IS SO ORDERED this 1st day of December, 2017.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE